**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH JEROME WRIGHT SR., | CASE NO. 1:20-cv-00192-EPG (PC) |
| Plaintiff, | SCREENING ORDER |
| v. | ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT'S J. DAVIS AND P. GARCIA FOR RETALIATION IN VIOLATION OF THE FIRST AMENDMENT |
| J. DAVIS, et al., | |
| Defendants. | (ECF NO. 13) |

Keith Jerome Wright Sr. ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on February 6, 2020. (ECF No. 1).  The Court screened Plaintiff's complaint, found that it failed to state any cognizable claims, and gave leave to amend on July 2, 2020.  (ECF No. 10).  On September 14, 2020, Plaintiff filed a First Amended Complaint, which is before this Court for screening.  (ECF No. 13).

The Court finds that Plaintiff has sufficiently stated a claim against defendants J. Davis and P. Garcia for retaliation in violation of the First Amendment to proceed past screening.  The Court will issue documents regarding service of the complaint in a separate order.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint:

Plaintiff was housed at the Substance Abuse Treatment Facility (SATF) under the custody and control of the California Department of Corrections and Rehabilitation (CDCR) during the events described in his First Amended Complaint. Plaintiff was assigned to Facility F1 and is now assigned to Facility F2.

On April 8, 2019, Plaintiff was asked if he knew about an inmate named Williams selling his pills. Plaintiff stated he never heard of Williams selling his pills. Defendant Garcia asked Plaintiff to give some information and it could go a long ways. Or Plaintiff Wright could continue to play dumb, and the prison could make life very difficult for him around there. Plaintiff told Defendant Garcia he would be writing her up for threatening him. Defendant Davis agreed with Defendant Garcia that they could make Plaintiff's life very difficult around there.

Two months later, on June 16, 2019, Defendants retaliated against Plaintiff for filing grievances against them. Defendants transferred Plaintiff from F1 to F2 for filing an appeal against them for retaliation and falsifying an RVR. There was no reason to transfer Plaintiff from one building to another other than Plaintiff filing an appeal against them.

## III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

### A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983,

'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For instance, a supervisor may be liable for his "own culpable action or inaction in the

training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and alterations omitted).

### B.    **First Amendment Retaliation**

A plaintiff may state a section 1983 claim for violation of his First Amendment rights due to retaliation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

### C.    **Analysis of Plaintiff's Retaliation Claim**

Plaintiff's complaint alleges all the elements of a retaliation claim, but with very few facts to support the critical element of retaliation. The allegations regarding a retaliatory motive are:

> Defendants retaliated against Plaintiff for filing grievances against and on June 16, 2019, Defendants transferred Plaintiff from F1 to F2, for filing an appeal against them for retaliation and falsifying a RVR. Defendants transferred Plaintiff to F2 for filing grievances against them and this had a chilling effect. Defendants took adverse effect action against Plaintiff by transferring him to F2. No reason—other than retaliation for Wright's exercising his Constitutional and Civil rights— supported Defendants conduct in transferring Plaintiff to another building.

(ECF No. 13, at p. 8 (paragraph numbers omitted)). Plaintiff does not state when he filed the grievances. He does not explain anything any Defendant said tying the transfer to the filing of the grievances.

Nevertheless, at this preliminary screening stage, the Court will allow this claim to proceed because liberally construed in his favor, Plaintiff has stated a cause of action for retaliation in violation of the First Amendment against Defendants Davis and Garcia.

///

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it sufficiently states a cognizable claim against defendants J. Davis and P. Garcia for retaliation in violation of the First Amendment to proceed past screening.

Because Plaintiff did not name R. Miles or D. Lopez as defendants in the first amended complaint, the Clerk of the Court is directed to designate R. Miles and D. Lopez as terminated from this action as of September 14, 2020, the date Plaintiff filed the first amended complaint.

The Court will issue a separate order regarding service of the first amended complaint on defendants J. Davis and P. Garcia.

IT IS SO ORDERED.

Dated: __October 8, 2020__          /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE